IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) DEBRA BURCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CIV-16-1264-R |
| (1) MIDLAND FUNDING, LLC, AND ) | |
| (2) LOVE, BEAL & NIXON, P.C., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

**AMENDED COMPLAINT**

NOW COMES Plaintiff, Debra Burch, and for her Amended Complaint against Defendants, Midland Funding, LLC, and Love, Beal & Nixon, P.C., alleges as follows:

**INTRODUCTION**

Plaintiff states a claim against Midland Funding, LLC and Love, Beal & Nixon, P.C., for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Oklahoma Consumer Protection Act due to Defendants filing and then serving Plaintiff with a time-barred lawsuit against Plaintiff for a consumer debt. Defendants have actually filed 3 separate lawsuits against Plaintiff for the same debt. However, the third lawsuit was filed over 5 years from the date of last payment, and outside of the confines of Oklahoma's Savings Statute, codified at Okla. Stat. tit. 12, §100.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

AMENDED COMPLAINT                                                                                          1

2. Defendants conduct business in the state of Oklahoma; therefore, personal jurisdiction is established.

3. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

4. Plaintiff is a natural person who resides in Norman, County of Cleveland, Oklahoma.

5. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

6. Defendant Love Beal & Nixon, P.C. ("LBN") is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

7. LBN represents other debt collectors and creditors in filing lawsuits against consumers in the court system for the state of Oklahoma.

8. LBN sends letters and makes telephone calls to consumers seeking to collect debt allegedly owed to others.

9. Midland and its parent, Encore Capital Group ("Encore"), were recently the target of an administrative action filed by the federal Consumer Financial Protection Bureau ("CFPB"). On September 9, 2015, a Consent Order was entered in that proceeding[1]. The CFPB ordered Encore to refund customers up to $42M, to stop efforts to collect on $125M in debts and to pay a $10M penalty. Some of the findings were that:

- Encore is one of the largest Debt buyers and collectors in the United States. From 2009 to 2015, Encore's estimated gross collections totaled over $5 billion,

---

[1] The consent order is available for download at http://files.consumerfinance.gov/f/201509_cfpb_consent-order-encore-capital-group.pdf. Defendant Midland has stipulated to the facts contained in the Consent Order in a separate document available for download at http://files.consumerfinance.gov/f/201509_cfpb_stipulation-encore-capital-group.pdf

with net income of more than $384 million.

- Encore has filed hundreds of thousands of lawsuits to collect Consumer Debt. Most of the Consumers sued by Encore are not represented by counsel. Encore has placed tens of thousands of accounts with law firms staffed by fewer than ten attorneys, such as Defendant LBN. Encore has encouraged these law firms to file lawsuits on a large percentage of accounts, prohibited them from contacting previous owners of the Debt for account-level documentation, and discouraged them from requesting account-level documentation Encore did not deem necessary to settle a case or obtain a judgment. (Para. 48).

- "[P]urchase agreements, such as one between Midland Funding and a large retailer, put Encore on notice that some of the accounts are likely past the applicable statutes of limitations for litigation or were previously disputed by Consumers." (Para. 25)

10. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

1. In March, 2010, Defendants filed a lawsuit against Plaintiff in Oklahoma County, Case No. CS-2010-2285, seeking and demanding payment for a consumer debt that Defendants were allegedly assigned from Washington Mutual Bank in the amount of $8,949.19. ("First State Court Action"). The date of last payment on the alleged account was January 30, 2009.

2. Plaintiff disputed the amount sought by Defendants in the First State Court Action was accurate and engaged legal counsel who filed an Answer on Plaintiff's behalf on May 11, 2010.

AMENDED COMPLAINT                                                           3

3. On October 22, 2013, the Defendants dismissed the First State Court Action without prejudice.

4. On October 7, 2014, Defendants re-filed their lawsuit against Plaintiff in Oklahoma County, Case No. CS-2014-6875, seeking and demanding payment for the same consumer debt alleged in the First State Court Action (the "Second State Court Action").

5. The statute of limitations for an open account in Oklahoma is 3 years from the date of last payment. As the date of last payment was January 30, 2009, the last date for a lawsuit to be filed regarding the alleged debt against the consumer would have been January 30, 2012, or at the latest, three years from the date that the date of last payment.

6. The Second State Court Action was filed after the statute of limitations had passed. However, it was filed within one year of the dismissal of the First State Court Action, so it was timely brought pursuant to Oklahoma's Savings Statute, *Okla. Stat.* tit. 12, §100. Defendants attached a sworn affidavit to the Second State Court Action that stated that the date of last payment made by Plaintiff to the account sued upon was January 30, 2009.

7. However, on July 9, 2015, the Defendants dismissed the Second State Court Action without prejudice. This second dismissal functioned as a dismissal with prejudice. "The terms of 12 O.S. 1991 § 100, the 'savings statute,' which allow an additional one year to bring a new action after an earlier suit fails otherwise than upon its merits, **affords only <u>one</u> refiling opportunity** after the statute of limitations has run." Sisk v. J.B. Hunt Transportation, Inc., 2003 OK 69, 81 P.3d 55, fn. 3, emphasis added, citing Hull v. Rich, 1993 OK 81, ¶ 6, 854 P.2d 903, 904; Ashby v. Harris, 1996 OK 70, ¶ 6, 918 P.2d 744, 747; United States Fire Ins. Co. v Swyden, 1935 OK 1191, ¶ 21, 53 P.2d 284, 288, 175 Okl. 475, 478.

8. On November 2, 2015, Defendants *again re-filed* their now time-barred lawsuit against Plaintiff in Cleveland County, Case No. CS-2015-2581, seeking and demanding payment for the same consumer debt alleged in the First and Second State Court Actions (the "Third State Court Action"). Defendants attached a sworn affidavit to the Third State Court Action that stated that the date of last payment made by Plaintiff to the account sued upon was January 1, 2009.

9. Defendants engages a process server who served the Third State Petition upon Plaintiff on January 4, 2016. Upon being served, Plaintiff engaged legal counsel who filed an Entry of Appearance in the Third State Court Action on Plaintiff's behalf on January 27, 2016.

10. On February 3, 2016, the Defendants dismissed the Third State Court Action without prejudice.

11. Plaintiff has suffered actual damages as a result of these illegal collection attempts by these Defendants in the form attorney fees incurred defending the Third State Court Action, and emotional distress.

12. The acts and omissions of Defendant LBN were committed within the time and space limits of its agency relationship with their principal, Defendant Midland.

13. The acts and omissions by Defendant LBN were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Midland in collecting consumer debts.

14. By committing these acts and omissions against Plaintiff, Defendant LBN and its employee debt collectors were motivated to benefit its principal, Defendant Midland.

15. Defendant Midland is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in

violation of federal law by its collection employees, in their attempts to collect this alleged debt from Plaintiff.

## COUNT I
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

16. Defendants violated the FDCPA. Defendants' violations include, but are not limited to the following:

a) Defendants violated §1692e(2)(A) of the FDCPA by falsely representing the character, amount, or legal status of a debt when Defendants served the time-barred State Court Action filed against Plaintiff.

b) Defendants violated §1692e(5) of the FDCPA by falsely representing the legal enforceability of the debt when it served the time-barred State Court Action filed against Plaintiff.

c) Defendants violated §1692f(1) of the FDCPA by attempting collection of an amount from Plaintiff that is not permitted by law when it served the time-barred State Court Action filed against Plaintiff.

## COUNT II

## DEFENDANTS VIOLATED THE OKLAHOMA CONSUMER PROTECTION ACT (OKLA. STAT. TIT. 15, §§ 751 THROUGH 763)

17. Defendants violated the Oklahoma Consumer Protection Act.

18. *Okla. Stat.* tit. 15, § 752(14) states:

> A person engages in a practice which is declared to be unlawful under the Oklahoma Consumer Protection Act when, in the course of the person's business, the person ….
>
> (14) [a]cting as a debt collector, contacts a debtor and threatens to file a suit against the debtor over a debt barred by the statute of limitations

**which has passed for filing suit for such debt….**

19. By filing a time-barred lawsuit against Plaintiff, Defendants violated the OCPA and are liable to Plaintiff for the payment of actual damages she has sustained, statutory damages of $10,000.00, plus the costs of litigation including reasonable attorney's fees.

20. In addition, pursuant to Section 761.1(B) of Title 15 of the Oklahoma Statutes, due to the *unconscionable* conduct of Defendants, Defendants are liable to Plaintiff for the payment of an additional civil penalty, in the amount of Two Thousand Dollars ($2,000.00) for each violation.

21. In addition, pursuant to Section 9.1 of Title 23 of the Oklahoma Statutes, due to the intentional acts and malicious acts of Defendants, Defendants are each liable to Plaintiff for an award of punitive damages.

## COUNT III

## ABUSE OF PROCESS

22. Defendants' actions of filing a time-barred Petition against Plaintiff constitutes a cause of action under Oklahoma statutes for abuse of process.

23. By filing a time-barred cause of action against Plaintiff, Defendants improperly used of the court's process primarily for an ulterior or improper purpose with resulting damage to the Plaintiff.

24. As a result of Defendants' abuse of process, Plaintiff has been damaged in an amount not less than $10,000.

25. In addition, pursuant to Section 9.1 of Title 23 of the Oklahoma Statutes, due to the intentional and malicious acts of Defendants, Defendants are liable to Plaintiff for an award punitive damages.

**WHEREFORE**, Plaintiff, Debra Burch, respectfully prays that judgment be entered jointly against Defendants, Midland Funding, LLC, and Love, Beal & Nixon, P.C., for the following:

a) Statutory damages of $1,000.00 against each Defendant, pursuant to the FDCPA, 15 U.S.C. 1692k;

b) Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c) Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

d) Pursuant to the Oklahoma Consumer Protection Act, actual and statutory damages under *Okla. Stat.* tit. 15, §761;

e) Actual damages incurred for common law abuse of process;

f) Punitive damages pursuant to *Okla. Stat.* tit. 23, §9.1; and

g) Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591

PARAMOUNT LAW
CONSUMER PROTECTION FIRM

4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
2399@paramount-law.net